UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEO KRAMER, <br> Plaintiff, <br> v. <br> JACOB GUTIERREZ, et al., <br> Defendants. | Case No. 19-cv-04168-HSG <br><br> **ORDER OF SERVICE; DISMISSING CERTAIN DEFENDANTS WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff Terry Leo Kramer, an inmate at California Health Care Facility in Stockton, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Complaint**

The complaint makes the following allegations. Plaintiff was detained at gunpoint by Petaluma Police Department officer Jacob Gutierrez. Plaintiff "proned out" on the ground, lying on his belly with his arms out, and informed Officer Gutierrez that Officer Gutierrez should not jump on Plaintiff's back because Plaintiff recently had undergone spinal surgery. Officer Gutierrez disregarded the warning and jumped on Plaintiff's back, breaking Plaintiff's T-12 hardware screws and also bending other hardware. Plaintiff immediately felt pain and realized that his back had been broken. Plaintiff asked Officer Gutierrez and many other officers for medical care, but all the officers refused. Plaintiff was then taken to Sonoma County Jail, where his requests for medical attention were also denied. Upon arriving at the California Department of Corrections and Rehabilitation, Plaintiff received an MRI and x-rays which showed that his T-12 hardware screws had been broken. As a result of Officer Gutierrez's actions and the denial of medical care while at Sonoma County Jail, Plaintiff now requires spinal surgery to fix his broken back. Dkt. No. 1 at 3.

Plaintiff names as defendants Officer Gutierrez, Petaluma Police Department, Sonoma County Jail, and Sonoma County.

//

**C.     Legal Claims**

    **1.     Claim No. 1:  Excessive Force**

The complaint argues that Officer Gutierrez used excessive force in violation of the Eighth Amendment when he jumped needlessly on Plaintiff's back while detaining him. Dkt. No. 1 at 3. An allegation that Officer Gutierrez used excessive force in effectuating Plaintiff's arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641–42 (9th Cir. 2018) (*pro se* allegations that police officers "beat the crap out of" plaintiff and caused him severe injury enough to support legally cognizable claim under § 1983). Excessive force claims which arise in the context of an arrest of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394–95 (1989).[1]

    **2.     Claim No. 2:  Denial of Adequate Medical Care**

The complaint alleges that Officer Gutierrez refused to get Plaintiff medical care after he broke Plaintiff's back, and that Sonoma County Jail medical staff refused to provide Plaintiff with medical care, leaving Plaintiff in pain and with a broken back for many months.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX*

---

[1] It is unclear what Plaintiff's status was at the time of his detention by Officer Gutierrez, i.e. whether the detention was to effectuate arrest, whether the detention was pre or post-arraignment, or whether the detention was while Plaintiff he was in custody pursuant to a conviction. Regardless of Plaintiff's status at that time, the Constitution prohibits the use of excessive force. However, Plaintiff's status determines the standard by which his excessive force claim is evaluated. Excessive force against an arrestee while detained in custody post-arrest but pre-arraignment is analyzed under the Fourth Amendment reasonableness standard, *see Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996), while post-arraignment pretrial detainees are protected from excessive force by Due Process Clause of Fourteenth Amendment, *Graham*, 490 U.S. at 395 n.10. An excessive force claim made by an inmate in custody is analyzed under the Eighth Amendment's deliberate indifference standard. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

*Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Where the inmate-patient is a pretrial detainee rather than a convicted prisoner, his rights derive from the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishments Clause. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). That is, deliberate indifference to a pretrial detainee's serious medical needs violates the Fourteenth Amendment's Due Process Clause. Although a deliberate indifference test applies to a pretrial detainee's claim, it is an objective deliberate indifference test, rather than the subjective deliberate indifference test applicable to a prisoner's claim. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018).

Assuming that Officer Gutierrez refused Plaintiff medical care during the arrest and prior to Plaintiff's conviction, Plaintiff's allegation states a cognizable Fourteenth Amendment claim against Officer Gutierrez. To the extent that medical care was denied after Plaintiff was in custody, such a claim would state an Eighth Amendment claim.

However, the complaint's claim that Sonoma County Jail medical staff denied him medical treatment for his broken back does not state a cognizable § 1983 claim against defendants Sonoma County Jail and Sonoma County because there is no respondeat superior liability under § 1983. *See Monell v. Dep't of Social Svcs. of City of New York*, 436 U.S. 658, 694 (1978). In other words, Sonoma County Jail and Sonoma County cannot be held liable simply because they employed the alleged wrongdoers. To impose municipal liability on either Sonoma County Jail or Sonoma County under § 1983 for a violation of constitutional rights, Plaintiff must allege that (1) he possessed a constitutional right of which he was deprived; (2) that Sonoma County Jail or Sonoma County had a policy; (3) that this policy amounted to deliberate indifference to Plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation. *See Plumeau v. School Dist. # 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

4

Because it appears possible that Plaintiff may be able to correct this deficiency, the Court DISMISSES Sonoma County and Sonoma County Jail from this action, but GRANTS Plaintiff leave to file an amended complaint to allege plausible claims against Sonoma County and Sonoma County Jail pursuant to 42 U.S.C. § 1983. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend "should be granted more liberally to *pro se* plaintiffs") (citation omitted).

### 3. Petaluma Police Department

The complaint makes no allegations against the Petaluma Police Department. To the extent that Plaintiff is arguing that the Petaluma Police Department is liable for Officer Gutierrez's actions because the Petaluma Police Department employs Officer Gutierrez, as explained *supra*, this fails to state a cognizable § 1983 claim. The Petaluma Police Department is DISMISSED from this action, but the Court grants Plaintiff leave to file an amended complaint that alleges plausible claims against the Petaluma Police Department pursuant to 42 U.S.C. § 1983. *See Lopez*, 203 F.3d at 1130.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court finds that the complaint's allegation that Officer Gutierrez jumped needlessly on Plaintiff's back while detaining him states a cognizable 42 U.S.C. § 1983 claim for use of excessive force; and that the complaint's allegation that Officer Gutierrez denied Plaintiff medical care for his broken back states a cognizable claim for violation of Plaintiff's rights under the Due Process Clause.

2. If Plaintiff wishes to file an amended complaint to address the deficiencies identified above, he shall do so within **twenty-eight (28) days** of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-014168 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the

court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present, including the claims found cognizable above, and all of the defendants he wishes to sue, including already served defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint in accordance with this order in the time provided will result in the original complaint (Dkt. No. 1) remaining the operative complaint and Defendants Sonoma County Jail, Sonoma County, and Petaluma Police Department being dismissed from this action with prejudice.** The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint with all attachments thereto (Dkt. No. 11), and a copy of this order upon **defendant Officer Jacob Gutierrez (PE 3188) at Petaluma Police Department, 969 Petaluma Blvd, North Petaluma, CA 94952**. A courtesy copy of the complaint with attachments and this order shall also be mailed to the Petaluma City Attorney at 11 English Street, Petaluma, CA 94952.

4. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this Order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of her in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

c. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by Defendant in his motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse Defendant's obligation to serve said

7

notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 7/25/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge