UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEO KRAMER,<br>Plaintiff,<br>v.<br>JACOB GUTIERREZ, et al.,<br>Defendants. | Case No. 19-cv-04168-HSG<br>**ORDER OF DISMISSAL**<br>Re: Dkt. Nos. 16, 17 |

Plaintiff Terry Leo Kramer, an inmate at California Medical Facility in Vacaville, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In the Order of Service, the Court found that the complaint stated a cognizable claim against defendant Gutierrez for excessive force and for violation of the Fourteenth Amendment and ordered service upon Defendant Gutierrez. Dkt. No. 12. The Court dismissed certain claims and defendants with leave to file an amended complaint to address specified deficiencies. *Id.* Now pending before the Court are Plaintiff's requests to "moot" this case so that he may exhaust administrative remedies and file an amended complaint after he has "filed in required state courts." Dkt. No. 16; Dkt. No. 17 at 1. The Court construes these requests as a notice of voluntary dismissal.

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Here, Defendant Gutierrez has yet been served. Accordingly, the Court GRANTS Plaintiff's requests and DISMISSES this action without prejudice pursuant to Rule 41(a)(1)(A)(i).

The Court declines to address whether Plaintiff is required to exhaust his claims. However, the Court notes that although this action has been dismissed without prejudice, if

Plaintiff seeks to exhaust administrative remedies as required by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), he may not move to reopen this action after exhausting his administrative remedies. The PLRA requires that an inmate exhaust available administrative remedies *before* filing suit, even if the inmate fully exhausts remedies while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). If Plaintiff has dismissed this action in order to exhaust his administrative remedies with respect to the claims alleged in this action, Plaintiff would be required to file a new action after exhausting his administrative remedies. The PLRA does not require that an inmate seek relief in the state courts prior to seeking relief under 42 U.S.C. § 1983. The requirement that state court remedies be exhausted applies to federal habeas petitions challenging the fact or length of the petitioner's confinement. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

The Clerk shall enter judgment in favor of Defendants and close the file.

**IT IS SO ORDERED.**

Dated: 8/23/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge